## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11–cv–0013–MJR–SCW |
| ) | |
| DR. KIM BIRCH, NURSE J. BROWN, ) | |
| NURSE J. DAMON, NURSE ) | |
| STANFORD, WEXFORD HEALTH ) | |
| SOURCES, INC., CAROL FAULESS, and ) | |
| PENNY GEORGE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILLIAMS, Magistrate Judge:**

In this § 1983 case, Plaintiff Joseph Conley's underlying claim stems from allegations that, while Conley was incarcerated at Vienna Correctional Center in Illinois in late 2009 and early 2010, Defendants acted with deliberate indifference to his broken hand. Conley was released from prison sometime in early 2012, but has since been re-incarcerated at Stateville Correctional Center. Now before the Court is Conley's "Motion for Reconsideration for Appointment of Counsel" (Doc. 73), his sixth request for counsel in this case.

The circumstances in the instant case warrant recruitment of counsel. After several hearings at which Mr. Conley appeared *pro se*, and examining the content of his motions, the Court finds the factual and legal challenges specific to this case are sufficient to exceed Mr. Conley's "capacity as a layperson to coherently present [his case] to the judge or jury himself." ***Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)**. Accordingly, the Court **GRANTS** Plaintiff Joseph Conley's Motion for Appointment of Counsel (**Doc. 73**).

Attorney **Eric C. Peterson** of **Greensfelder, Hemker & Gale, P.C.**, is hereby **APPOINTED** to represent Mr. Conley for all further proceedings *in this case and in this Court only*, pursuant to Local Rule 83.1(i).[1]  Attorney Peterson SHALL enter his appearance in this action on or before 8/29/2012.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of this Court and the law.  If Plaintiff wants to remain represented by counsel, he will have to cooperate fully with counsel.  **The Court will not accept any filings from Plaintiff individually while he is represented by counsel,** *except* a pleading that asks that he be allowed to have counsel withdrawn from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Mr. Conley is proceeding *in forma pauperis*, if there is a monetary recovery in this case, **any unpaid out-of-pocket costs must be paid from the proceeds.** *See* **SDIL-LR 3.1(c)(1).**  If there is no recovery (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.  The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  **Counsel is encouraged to enter into a contingent fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail.  Counsel is also encouraged to confer with the Court before incurring any expenses he intends to submit for reimbursement.**

---

[1] Under SDIL-LR 83.1(i), every member of the Bar of this Court shall be available for appointment to represent or assist in the representation of those who cannot afford to hire an attorney.  The Court greatly appreciates the public service and assistance of members of the Bar who voluntarily represent indigent litigants.

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections (IDOC) at Stateville Correctional Center.  Information about the facility is located at www.idoc.state.il.us.  Counsel may use the IDOC's videoconferencing system to confer with Plaintiff.  The Court asks the Assistant Illinois State Attorney General assigned to this case to help facilitate those arrangements.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Peterson immediately.

PENDING MOTIONS

Mr. Conley has filed several pending motions since he asked for counsel: one request for a copy of the Rules of Civil Procedure (Doc. 76), one request for a Settlement Conference (Doc. 84), and two discovery motions (Doc. 86 and Doc. 87).  The Court has appointed Mr. Peterson to the case, who will advocate for Mr. Conley, to include settlement negotiations and discovery issues. The pending motions (Docs. 76, 84, 86 and 87) are therefore **DENIED without prejudice**.  Once Mr. Peterson has had an opportunity to shepherd the Plaintiff's case, the Court will be willing to take up any discovery issues that remain live.  The possibility of settlement talks will be discussed at the next status conference, which will be set by separate notice.

CONCLUSION

Mr. Conley's Motion for Reconsideration for Appointment of Counsel (**Doc. 73**) is **GRANTED.**  His motions "Requesting the Rules of Civil Procedures" (**Doc. 76**) is **DENIED.** Conley's motions Requesting a Settlement Conference" (**Doc. 84**), to "Compel Production" (**Doc. 86**) and to "Compel Adequate Answers" (**Doc. 87**) are **DENIED without prejudice.**  If necessary, the Court will be willing to take up such scheduling and discovery matters upon proper motion once newly-appointed attorney Eric C. Peterson has begun shepherding the case.

Finally, the Court notes that Mr. Conley, in the course of his relocations during the first half of 2012, at some point lost his case materials.  Plaintiff's counsel Peterson and defense attorneys Tim Dugan and Robert Fanning are DIRECTED to meet and confer regarding the exchange of discovery material, to include those materials already produced to Mr. Conley.

The case will be reset by separate notice for a telephonic status conference before the undersigned magistrate judge on **9/12/2012 at 4:00 p.m.**

**IT IS SO ORDERED.**
**DATE: <u>August 20, 2012</u>**

<u>/s/ *Stephen C. Williams*</u>
**STEPHEN C. WILLIAMS**
United States Magistrate Judge